IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| STEVEN D. KING, <br> AIS# 134091 <br><br> Plaintiff, <br><br> vs. <br><br> WEXFORD HEALTH SOURCES, <br> INC., *et al.*, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) CIV. A. NO. 23-00147-TFM-N <br> ) <br> ) <br> ) <br> ) <br> ) |

## REPORT AND RECOMMENDATION

Plaintiff Steven D. King, an Alabama Department of Corrections inmate, filed a complaint seeking relief under 42 U.S.C. § 1983 and a motion to proceed without prepayment of fees. (Docs. 1, 2). This case was referred to the undersigned Magistrate Judge for appropriate action pursuant to 28 U.S.C. § 636(b)(1) and S.D. Ala. GenLR 72(a)(2)(R). Upon review, and for the reasons discussed herein, the undersigned recommends that this action be **DISMISSED without prejudice**, prior to service of process, as malicious pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). Based upon this finding, it is further recommended that Wexford Health Sources, Inc.'s Motion to Dismiss (Doc. 6) be **DENIED** as **MOOT**, and it is **ORDERED** that Plaintiff's request for an extension of time to pay partial filing fee (Doc. 5) be dismissed as **MOOT**, as the required partial payment was received July 5, 2023 (*see* Doc. 8).

## Screening of Complaint

Pursuant to the Prison Litigation Reform Act ("PLRA"), this Court is obligated to conduct a preliminary review of Plaintiff's complaint. *See* 28 U.S.C. §§ 1915A(a) and

(e). While the Court liberally construes *pro se* pleadings, like the one in this case, holding them to a less stringent standard than pleadings drafted by attorneys, *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003), the complaint will still be dismissed if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. 1915A(b). The law is clear, where a prisoner misrepresents his prior litigation history on a complaint form requiring disclosure of such history, his conduct may be deemed malicious and the action subject to dismissal. *See, e.g., Burrell v. Warden I*, 857 F. App'x 624, 625 (11th Cir. 2021) (affirming dismissal of prisoner's civil rights complaint where he failed to identify two prior federal lawsuits).[1]

Here, Plaintiff was required to disclose on the Court's civil rights complaint form whether he had filed any other lawsuits in state or federal court dealing with the same or similar facts – to which he checked the box, "Yes". (Doc. 1 at 2). Plaintiff was required to disclose whether he had filed any other lawsuits in state or federal court relating to his imprisonment – to which he checked the box "Yes". (*Id*.). Plaintiff was then required to provide information regarding all previous and/or pending cases. In so doing, Plaintiff listed three cases:

> *King v. Shaw, et al.,* Case No. 2:22-cv-369-WHA-CSC, as pending in the Middle District of Alabama, against Defendants Dr. Shaw, Warden Turner, T. Stone, and Wexford Health Sources.
>
> *King v. Dr. Osula*, Case No. 2:22-cv-1567-MHH-JHE, in the Northern District of Alabama.

---

[1] "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. R. 36-2 (2005).

> *King v. City of Mobile, et al.*, Case No. 22-11952-A, in the U.S. Court of Appeals for the Eleventh Circuit, from the Southern District of Alabama, case number 15-cv-610-TFM-N, against Defendants Jennings Powell, *et al*.

(Doc. 1 at 2-4). Plaintiff affirmed the information contained in the complaint form was true, by signing under the certification stating, "By my signature below, I swear or affirm under penalty of perjury that the facts set out in this complaint are true and correct." (Doc. 1 at 11). Accordingly, Plaintiff certified that at the time he filed this action, in April of 2023, he had filed no other cases in this or other courts.

Upon researching Plaintiff's litigation history through Public Access to Court Electronic Records (PACER), the Court has discovered that Plaintiff failed to accurately disclose his litigation history on the complaint form. According to PACER, Plaintiff failed to list two other cases which he has been involved in:

- *King v. Thigpen, et al.*, Case No. 2:90-01150-ID-VPM, in the Middle District of Alabama, filed March 8, 1994

- *King v. Wexford, et al.*, Case No. 22-cv-0286-CG-MU, in the Southern District of Alabama, filed July 19, 2022.

Because these cases contain the same Inmate AIS number as Plaintiff lists in this current action, the Court is confident that the "Steven D. King" in these cases are one and same as Plaintiff. Moreover, the Court is familiar with the undisclosed case of *King v. Wexford, et al.*, 22-cv-286-CG-MU, as it was filed in this Court and contains essentially the same factual allegations Plaintiff now asserts in the current suit before the Court. It is Plaintiff's failure to disclose this case which the Court finds malicious and inexcusable, namely because this case was dismissed without prejudice, on January 20, 2023, after Plaintiff misrepresented his litigation history on the complaint form. (*See* Docs. 9, 12-13, Case No. 22-cv-286-CG-MU, U.S. Dist. Court, S.D. Ala.).

The question becomes whether Plaintiff has committed fraud on the Court through his omission, and whether such omission was intentional and material. *See Greyer v. Illinois Dep't of Corr.*, 933 F.3d 871, 880 (7th Cir. 2019) (discussing the importance of distinguishing between negligent and fraudulent acts under PLRA). Based on the facts of this case, it appears so. Plaintiff was informed by the Court, a mere 4 months before filing this nearly identical suit, not only that he must include all prior litigated cases on his complaint form but also the reason that such information was important. (*See* Doc. 9 at 3-4, Case No. 22-cv-CG-MU). The Court further provided Plaintiff a list of all his previous litigated cases, including the names, numbers, and dates of his prior lawsuits. (*Id*. at 3). Plaintiff's failure to now disclose the cases identified by the Court can only be viewed as purposeful. And any claim that Plaintiff forgot about the filed case 22-cv-286-CG-MU – containing the same factual allegations, incident date, and defendants, that was dismissed just months before he filed this current complaint - simply belies reason and credibility. Because the dismissal of the omitted litigation constituted a strike against Plaintiff, his failure to disclose it is relevant to his ability to proceed under the PLRA. *See Greyer*, 933 F.3d at 880 (noting severe sanctions, like dismissal, should be imposed for omissions to litigation histories where the omissions add strikes against a prisoner). Therefore, Plaintiff's complaint is due to be dismissed without prejudice, prior to service of process, pursuant of 28 U.S.C. § 1915(e)(2)(B)(i) as malicious.

The Court, again, advises Plaintiff that while this dismissal without prejudice does not bar him from refiling his claims, *see, e.g.*, *Dynes v. Army Air Force Exch. Serv.*, 720 F.2d 1495, 1499 (11th Cir. 1983) (per curiam), his time to refile is running against

4

Alabama's two-year statute of limitations for a § 1983 action. *See* Ala. Code § 6-2-38(*l*). Based on Plaintiff's complaint, the incident at issue occurred on August 5, 2021 (Doc. 1 at 5). Thus, Plaintiff has until **August 5, 2023,** to refile this action or he will be barred from bringing the claims.

Plaintiff is further advised that with this dismissal, he now has "two strikes" against him. Under 28 U.S.C. § 1915(g),[2] if Plaintiff receives one more "strike" he will be unable to bring future civil actions *in forma pauperis*, unless he is in imminent danger. Stated another way, if Plaintiff files another suit which is dismissed as malicious, frivolous, or for failure to state a claim, he will no longer be allowed to bring any civil rights actions under § 1983, without paying the full filing fee upfront or demonstrating that he is in imminent danger of serious physical injury.

Accordingly, it is **RECOMMENDED**:

1. That this action be **DISMISSED without prejudice**, prior to service of process, as malicious pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).
2. Motion to Dismiss filed by Wexford Health Sources, Inc. (Doc. 6) be **DENIED** as **MOOT.**

It is furthered **ORDERED** that Plaintiff's request for an extension of time to pay partial filing fee (Doc. 5) be dismissed as **MOOT**, as the required partial payment was received July 5, 2023 (*see* Doc. 8).

---

[2] Section 1915(g) states, "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(b); S.D. Ala. Gen.LR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

    **DONE** and **ORDERED** this 18th day of July, 2023

                                             /s/Katherine P. Nelson
                                             **UNITED STATES MAGISTRATE JUDGE**