IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| STEVEN D. KING, <br> AIS# 134091 <br> <br> Plaintiff, <br> <br> vs. <br> <br> WEXFORD HEALTH SOURCES, <br> INC., *et al.*, <br> <br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) CIV. A. NO. 23-00147-TFM-N <br> ) <br> ) <br> ) <br> ) <br> ) |

## **ORDER**

Before the Court are Plaintiff Steven D. King's Motions for Appointment of Attorney. (Docs. 13, 40). Plaintiff's motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) for appropriate action. (Doc. 3). For the reasons stated below, and at this time, Plaintiff's motions for appointment of counsel are **DENIED**.

In a § 1983 action, as in any civil action, "[a] plaintiff … has no constitutional right to counsel." *McDaniels v. Lee,* 405 F. App'x 456, 457 (11th Cir. 2010) (internal quotation marks and citation omitted). "A court may, however, pursuant to 28 U.S.C. § 1915(e)(1), appoint counsel for an indigent plaintiff." *Bass v. Perrin*, 170 F.3d 1312, 1320 (11th Cir. 1999 "[I]n deciding whether to appoint counsel, the district court has broad discretion and should appoint counsel **only** in **exceptional** circumstances." *Lamar v. Wells Fargo Bank,* 597 F. App'x 555, 557 (11th Cir. 2014) (citing *Bass,* 170 F.3d at 1320). In *Lamar,* the Eleventh Circuit listed several factors that should be considered by the district court when determining whether exceptional circumstances exist: "(1) the type and complexity of the case; (2) whether the indigent is capable of adequately presenting his case; (3) whether the indigent is in a position to adequately

investigate the case; and (4) whether the evidence will consist in large part of incidents the indigent witnessed herself." 597 F. App'x at 558.

Here, Plaintiff has not established that his case, factually or legally, is too complex for him to prosecute <u>at this stage</u> of litigation. The undersigned finds Plaintiff has not shown exceptional circumstances justifying the appointment of counsel. Therefore, in exercising its discretion, the Court **DENIES** Plaintiff's motions.

**DONE** and **ORDERED** this the **6th** day of **August, 2024**.

/s/ KATHERINE P. NELSON
**UNITED STATES MAGISTRATE JUDGE**